UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

CASE No. 1:08-cr-170

v.

HON. ROBERT J. JONKER

LOUIS MARTIN WILSON, JR.,

    Defendant.
_____/

## **OPINION REGARDING DEFENDANT WILSON'S FIRST STEP ACT MOTION**

### INTRODUCTION

Defendant Wilson pleaded guilty to a Section 841(b)(1)(B) crack cocaine offense in November 2008. The conviction exposed Defendant to a mandatory minimum sentence of five years in prison and a maximum of forty years. Defendant was sentenced as a career offender in March 2009 to a total term of 188 months imprisonment. He was forty years old at the time.

The matter before the Court is Defendant Wilson's motion for modification or reduction in sentence under the newly enacted First Step Act, which provides for the retroactive application of certain sentencing reforms contained in the 2010 Fair Sentencing Act. (ECF No. 44). The Court appointed counsel to assist Defendant Wilson with his First Step motion. Both sides have filed briefs. The government responds that Defendant Wilson is not eligible for a reduced sentence because, it contends, the statutory penalties applicable to Defendant Wilson have not changed. (ECF No. 46). The defense avers that the penalty ranges have changed, and that Defendant is eligible for a reduced sentence under a plenary resentencing. (ECF No. 47).

The Court finds that Defendant Wilson is eligible for relief under the First Step Act, but that he is not entitled to a plenary resentencing. Nor does the Court see any other need for a hearing on the fully briefed issues. The Court can and does exercise its discretion under the First Step Act to relieve Defendant Wilson of the mandatory-minimum sentence originally applicable to his crack cocaine offense, and to reduce Defendant Wilson's sentence as provided in this Opinion and corresponding Order.

## FACTUAL AND PROCEDURAL BACKGROUND

### 1. *Defendant Wilson's Charge & Plea*

On June 5, 2008, Grand Rapids police officers observed Defendant Wilson engage in a hand-to-hand drug deal with another individual. Officers subsequently pulled over and arrested the buyer. A search found an ounce of crack cocaine on the buyer's person, and the individual admitted he had just purchased the crack cocaine from Defendant Wilson. The buyer agreed to cooperate and, under police supervision, set up another purchase with Defendant Wilson. Officers then observed Defendant Wilson arrive at the agreed upon location and stopped him for a traffic violation. A K-9 unit alerted to the presence of drugs in Defendant's vehicle, and a following search resulted in $2,412 in currency, more than fifty grams of crack cocaine, a quantity of heroin, a digital scale, and eighty Ecstacy pills being seized.

Defendant Wilson was charged in a two-count Indictment on July 10, 2008. Count One charged him with possession with intent to distribute five grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1); 841(b)(1)(B)(iii). Count Two charged Defendant with possession with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1); 841(b)(1)(C). (ECF No. 1).

On November 19, 2008, Defendant pleaded guilty to Count One of the Indictment. (ECF No. 24). As part of the written plea agreement, the parties stipulated that "[f]or purposes of computing the Sentencing Guidelines in this case, the parties agree that the Defendant's relevant conduct should be at least 50, but less than 150 grams of [crack] cocaine[.]" (ECF No. 22, PageID.101). In exchange for Defendant's plea the government agreed, *inter alia*, not to charge Defendant with possession with intent to distribute more than fifty grams of crack cocaine, which would have doubled his mandatory minimum sentence, and not to file a supplemental information of a previous felony drug conviction under 21 U.S.C. § 851 that would have served to enhance the range of statutory penalties applicable to Defendant. (*Id.* at PageID.103).

   *2. PSR & Sentencing*

The Final Presentence Report (PSR) prepared by the probation officer found that Defendant Wilson was responsible for 1,096 kilograms of marijuana equivalent. (PSR ¶ 16). The quantity, in turn, triggered an initial base offense level of 30. (PSR ¶ 35). After adjusting downward for acceptance of responsibility, Defendant's offense level would have been 27. The PSR determined, however, that Defendant Wilson qualified as a career offender because he committed the offense of conviction after incurring at least two prior felony convictions of a controlled substance offense. (PSR ¶ 44). Since the statutory maximum penalty for the offense of conviction was forty years under Section 841(b)(1)(B)(iii), the guidelines called for a career offender offense level of 31, after adjusting for acceptance of responsibility. *See* U.S.S.G. § 4B1.1(b)(B) (2008). Level 31 being higher than the offense level calculated under Section 2D1.1, the career offender offense level took precedence and became Defendant Wilson's total offense level. (PSR ¶ 46).

The officer then scored Defendant's criminal history at twelve points, resulting in a criminal history category of V. (PSR ¶ 61). Because of his career offender qualification, however, Defendant's criminal history category was required to be category VI. (PSR ¶ 62). The guideline range for the drug offense, based on a total offense level of 31 and criminal history category of VI was 188 to 235 months on the chart. (PSR ¶ 101).[1] On March 6, 2009, the Court sentenced Defendant Wilson to 188 months imprisonment, the bottom end of the career offender guideline range. (ECF No. 28). Defendant did not appeal.

Defendant subsequently sought a reduced sentence under Guideline Amendment 750. Due to his career offender status, Defendant's guideline range was not reduced, and under the applicable guideline policy statements Defendant was not eligible for a reduced sentence. (ECF No. 40). On May 6, 2019, Defendant filed the pending motion for a reduced sentence under the First Step Act. (ECF No. 44).

### 3. *The Fair Sentencing Act of 2010*

In the summer of 2010 Congress passed the Fair Sentencing Act of 2010, Pub L. No. 111-220, 124 Stat. 2372 (2010). The Fair Sentencing Act reduced the sentencing disparity between crack and powder cocaine offenses by increasing the amount of crack cocaine needed to trigger the mandatory minimums established in the Anti-Drug Abuse Act of 1986. *United States v. Blewett*, 746 F.3d 647, 649 (6th Cir. 2013) (en banc); *see also Dorsey v. United States*, 567 U.S. 260, 263-64 (2012). More specifically, the Fair Sentencing Act increased the threshold quantity in 21 U.S.C. § 851(b)(1)(A)(iii) from 50 grams or more of crack cocaine to 280 grams or more. Fair Sentencing Act at § 2(a)(1). The Fair Sentencing Act also increased the threshold quantity

---

[1] Without the career offender status, Defendant Wilson's Section 2D1.1 offense level of 27 and criminal history category of V would have resulted in a guideline range on the chart of 120 to 150 months.

in 21 U.S.C. § 841(b)(1)(B)(iii) from 5 grams or more of crack cocaine to 28 grams or more. Fair Sentencing Act at § 2(a)(2). Today, therefore, in order to trigger the 5 year to 40-year sentencing range of Section 841(b)(1)(B)(iii) that Defendant Wilson was convicted under, the offense must involve more than 28 grams of crack cocaine.

Those changes made by the Fair Sentencing Act, however, were not retroactive. *Blewett*, 746 F.3d at 650.[2] Because Defendant Wilson had been convicted and sentenced before the Fair Sentencing Act's enactment he was not, at that time, eligible for any relief.

### 4. *The First Step Act of 2018*

On December 21, 2018, President Trump signed the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (the "First Step Act") into law. The First Step Act "modified prior sentencing law and expanded vocational training, early-release programs, and other programming designed to reduce recidivism." *United States v. Simons*, 375 F. Supp. 3d 379, 385 (E.D.N.Y. 2019). In Section 404 of the First Step Act, Congress made the Fair Sentencing Act's statutory changes for crack cocaine offenses retroactive to defendants who were sentenced before August 3, 2010:

> SEC. 404. APPLICATION OF FAIR SENTENCING ACT.
>
> (a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.
>
> (b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the

---

[2] In *Dorsey v. United* States, 567 U.S. 260 (2012), the Supreme Court determined that the Fair Sentencing Act applied to any defendant sentenced on or after August 3, 2010, regardless of when the offense occurred. Because Defendant Wilson was sentenced before August 3, 2010, *Dorsey* did not provide him with a pathway to any relief.

5

>           defendant, the Director of the Bureau of Prisons, the attorney for
>           the Government, or the court, impose a reduced sentence as if
>           sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law
>           111–220; 124 Stat. 2372) were in effect at the time the covered
>           offense was committed.
>
>       (c) LIMITATIONS.—No court shall entertain a motion made under
>           this section to reduce a sentence if the sentence was previously
>           imposed or previously reduced in accordance with the
>           amendments made by sections 2 and 3 of the Fair Sentencing
>           Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a
>           previous motion made under this section to reduce the sentence
>           was, after the date of enactment of this Act, denied after a
>           complete review of the motion on the merits. Nothing in this
>           section shall be construed to require a court to reduce any
>           sentence pursuant to this section.

First Step Act of 2018, Pub. L. No. 115-319, § 404, 132 Stat. 5194 (2018).

Accordingly, defendants who were convicted before August 3, 2010 of a crack cocaine offense for which the Fair Sentencing Act reduced their statutory penalties are now eligible for consideration of a reduced sentence. First Step Act of 2018, Pub. L. No. 115-319, § 404(a), (b), 132 Stat. 5194 (2018). Whether to reduce the sentence of an eligible defendant is left to the reviewing court's discretion. *Id.* at § 404(c). No reduction is required.

## DISCUSSION

### 1. *Summary of the Court's Process*

In an earlier Order, this Court set out a two-step process for evaluating First Step Act motions. *See United States v. Boulding*, 379 F. Supp. 3d 646 (W.D. Mich. May 16, 2019). The first step is determining eligibility. In *Boulding* the Court concluded that "eligibility under the language of the First Step Act turns on a simple, categorical question: namely, whether a defendant's offense of conviction was a crack cocaine offense affected by the Fair Sentencing Act." *Id.* at 651. As applied to that case, this determination meant that the quantity of narcotics (whether admitted, found by a jury, or found by a court) did not factor into the question of

eligibility. That is true here as well, but this case also presents issues relating to a defendant's career offender status. Based on the Court's approach in *Boulding*, this question does not affect the categorical eligibility determination. It simply informs the Court's discretionary call at the second step.

At the second step, a reviewing court evaluates the motion to determine whether it should exercise its discretion to reduce a defendant's sentence. This calls for a determination of the scope of the relief available. Here the Court previously determined, and reaffirms here, that the First Step Act does not provide for a plenary-resentencing. *Id.*; *see also United States v. Davis*, No. 07-CR-245S (1), 2019 WL 1054554, at *2 (W.D.N.Y. Mar. 6, 2019) (concluding the First Step Act does not provide for a plenary resentencing and that the defendant need not be present for a reduction in sentence); *United States v. Jones*, No. 2:05-CR-29-FL-1, 2019 WL 2480113, at *2 (E.D.N.C. June 11, 2019) (noting that under 18 U.S.C. § 3582(c) a court may not modify a term of imprisonment except for a narrow range of situations, including "to the extent otherwise expressly permitted by statute," 18 U.S.C. § 3582(c)(1)(B) and holding that "[t]he First Step Act permits the court to impose a 'reduced sentence' and 'modify' the term of imprisonment under § 3582(c)(1)(B), but it does not 'expressly permit' full resentencing."). For this reason, the Court is not persuaded by Defendant's request for a plenary resentencing. But as the Court has also remarked, "unlike earlier rounds of retroactive crack or other drug sentencing relief, the First Step Act does not impose any artificial or guideline limits on a reviewing court. These earlier rounds of retroactive reduction proceeded under 18 U.S.C. § 3582(c)(2) based on Sentencing Commission guideline reductions and were therefore subject to the limitations built into that section. The First Step Act is different. The Sentencing Commission has nothing to do with it." *Boulding*, 379 F. Supp. 3d at 653.

This means, among other things, that career offenders like Defendant Wilson who did not previously receive relief under the retroactive amendments may now be able to receive a reduced sentence, if the court exercises its discretion to do so.  At this point the Court considers whether to reduce a sentence by looking at the factors set out in Section 3553(a), the revised statutory range under the Fair Sentencing Act, any amendments to the guideline range, and post-sentencing conduct.  *Jones*, 2019 WL 248-113, at *2.

### 2. *Defendant Wilson is Eligible for a Reduced Sentence.*

At the first step, the Court concludes Defendant Wilson is eligible for consideration of a reduced sentence under the First Step Act.  Defendant Wilson's offense was committed before the Fair Sentencing Act's enactment on August 3, 2010; he was further convicted under the enhanced penalties found in Sections 841(b)(1)(A)(iii); and those penalties were "modified by section 2 . . . of the Fair Sentencing Act of 2010[.]"  He was, accordingly, convicted of a "covered offense."

The categorical limitations in Section 404(c) also do not apply to Defendant Wilson.  His sentence was not "previously imposed or previously reduced in accordance" with the Fair Sentencing Act's amendments.  And he has not previously moved to reduce his sentence under Section 404 of the First Step Act. Accordingly, the Court concludes that Defendant is eligible under Section 404(a) for a reduced sentence under Section 404(b).

In reaching this conclusion, the Court disagrees with the government's argument that that Defendant is not eligible for a reduction because the statutory penalties have not changed.  The government bases its argument on Defendant's admitted conduct—the stipulation in the plea agreement that Defendant's relevant conduct should be at least 50 but less than 150 grams of crack cocaine.  (ECF No. 22, PageID.101).  It is true that only 28 grams of crack cocaine are necessary, now, to trigger the penalty provisions of Section 841(b)(1)(B)(iii), the provision originally

applicable to Defendant. But as noted above, and as held by other courts, what matters for purposes of eligibility is the charged conduct. *See United States v. Rose*, 379 F. Supp. 3d 223, 228 (S.D.N.Y. 2019) (making clear that eligibility under the First Step Act "is determined by the statute(s) underlying the defendant's conviction and penalty, not the defendant's offense conduct."). Accordingly, Defendant is eligible for a reduced sentence under the First Step Act. All other considerations, including admitted conduct, simply inform the Court's discretionary call on whether to reduce the sentence, and by how much, of an eligible defendant.

3. **Scope of Relief**

    a. *Guideline Comparison*

At the second step the Court considers the scope of relief available to Defendant and then proceeds to determine by how much, if any, it should reduce Defendant Wilson's sentence. The Court begins with a guideline range comparison. The table below demonstrates the differences between the offense level calculation as to Defendant's crack cocaine conviction in Count 1 as it existed when Defendant Wilson was originally sentenced in 2009 and the guidelines as they exist now, taking into account all intervening drug guideline amendments and the retroactive application of the Fair Sentencing Act.

| Count One | Original Guidelines | Current Guidelines |
|---|---|---|
| **Base Offense Level**<br><br>*54 G Crack Cocaine*<br>*6 G Heroin*<br>*80 Ecstasy Tablets* | Level 30 (§ 2D1.1(c)(4) (2008))<br><br>*1,096 kilograms of marijuana equivalent* | Level 24 (§ 2D1.1(c)(8))<br><br>*208.8 kilograms of converted drug weight* |
| **Adjustments for Acceptance of Responsibility** | -3 levels (§ 3E1.1(a) & (b)) | -3 levels (§ 3E1.1(a) & (b)) |
| **Total Drug Offense Level (After Acceptance)** | Level 27 | Level 21 |
| **Statutory Penalty** | 5 years to 40 years<br>*Section 841(b)(1)(B)(iii)* | 0 to 20 years<br>*Section 841(b)(1)(C)* |

9

| | | |
|---|---|---|
| **Chapter Four Enhancement (After Acceptance)** | Level 31 (§ 4B1.1(b))<br><br>*Maximum 40-year Penalty* | Level 29 (§ 4B1.1(b)(3))<br><br>*Maximum 20-year penalty* |
| **Total Offense Level** | Level 31<br><br>*Based on Career Offender Status* | Level 29<br><br>*Based on Career Offender Status* |
| **Criminal History Category Before Chapter 4** | Category V | Category V[3] |
| **Criminal History Category After Chapter 4** | Category VI | Category VI |
| **Guideline Range Before Consideration of Career Offender Status** | 120 to 150<br>(LO 27; CH V) | 77 to 96 months<br>(LO 21, CH V) |
| **Guideline Range After Consideration of Career Offender Status** | 188 to 235 months<br>(LO 31; CH VI) | 151 to 188 months<br>(LO 29; CH VI) |

Here, the statutory penalty provision applicable to Defendant Wilson has changed because the amount of crack cocaine charged in the offense—five grams or more—is less than the twenty-eight grams of crack cocaine now necessary to trigger those penalties. True, Defendant may have admitted to more, and this certainly informs the Court's discretion. However, consistent with reasoning of prior decisions the Court finds the applicable penalty range is now that of Section 841(b)(1)(c).

### b. *Discretionary Decision in this Case*

After its review of the record, including Defendant Wilson's post-sentencing behavior, the Court elects to exercise its discretion to provide a reduction to Defendant Wilson's sentence to 164

---

[3]Defendant previously scored at 12 criminal history points. One of those points was scored for recency under U.S.S.G. § 4A1.1(e). (PSR ¶ 60). The guidelines no longer score this recency point. As the Court has previously remarked, the First Step Act does not provide for a plenary resentencing. The Court does not find it essential to resolve the question here because the guideline recalculation is simply one factor in the Court's consideration and not a controlling one and a criminal history score of 11 still triggers category V.

months of custody. In evaluating the extent of the reduction, the Court considers the guideline analysis, the factors set forth in § 3553(a), the time Defendant Wilson has already served, and the nature of the original offense conduct. The Court also considers Defendant's record in the BOP. The guideline analysis augers in favor of some reduction. The spread between the drug offense level and the career offense guideline has grown. The seriousness of the underlying offense, the criminal history, and other recidivist risks counsel caution. Defendant has some work and educational achievement, and while he has also incurred some disciplinary infractions, all things considered the Court is satisfied in this case that Defendant Wilson has demonstrated a desire to address the root cause of his offense behavior here and in his criminal history more generally.

In weighing all these considerations, the Court finds that a custodial term of 164 months satisfies the Section 3553 factors and comports with the relief authorized by the First Step Act. All other terms of the original sentence, including the five years of supervised release, remain unchanged. This sentence reflects the purposes of sentencing, including the seriousness of the offense, deterrence to others, protecting the public, respect for the law, and providing rehabilitative opportunities. The sentence is below the revised guideline range calculated by the government but above the lowest revised guideline calculated by the defense. More importantly, in the Court's view, the sentence is the best balance of the Section 3553 factors.

According to the Bureau of Prisons website Defendant is currently scheduled to be released on January 13, 2023. Considering the availability of good time credits, it is possible the sentence the Court is entering today will put Defendant Wilson close to a release date. Accordingly, the Court rules that the reduced sentence will be for no less than time served. *See United States v. Laguerre*, No. 5:02-cr-30098-3, 2019 WL 861417, at *3-*4 (W.D. Va. Feb. 22, 2019) (declining, under First Step Act, to reduce a sentence to less than time served because the need to protect the

public and for deterrence directs that a defendant not be allowed to "bank time."). Moreover, the Court will further Order that this decision take effect ten days from the date of this Opinion in order to permit the Bureau of Prisons to complete certain administrative requirements, if necessary.

## CONCLUSION

Defendant Wilson's motion for modification or reduction of sentence under the First Step Act (ECF No. 44) is granted to the extent detailed in this Opinion, and his term of imprisonment reduced to a total term of 164 months imprisonment, but not less than time served. All other terms of the original sentence, including the five years of supervised release, remain unchanged.

A separate Order consistent with this Opinion shall issue.


Dated:  October 21, 2019  /s/ Robert J. Jonker
ROBERT J. JONKER
CHIEF UNITED STATES DISTRICT JUDGE